# UNITED STATES BANKRUPTCY COURT
## NORTHERN **DISTRICT OF** ILLINOIS

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ROBINSON, KRISTOPHER A | § | Case No. 12-03415 |
| ROBINSON, DANNAE E | § | |
| | § | |
| Debtor(s) | § | |

### AMENDED
### SUMMARY OF TRUSTEE'S FINAL REPORT
### AND APPLICATIONS FOR COMPENSATION

| | | |
|---|---|---|
| The Final Report shows receipts of | $ | 16,000.00 |
| and approved disbursements of | $ | 0.00 |
| leaving a balance on hand of[1] | $ | 16,000.00 |

Claims of secured creditors will be paid as follows:

### NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: BRADLEY J. WALLER | $ 2,350.00 | $ 0.00 | $ 2,350.00 |
| Trustee Expenses: BRADLEY J. WALLER | $ 135.60 | $ 0.00 | $ 135.60 |

| | | |
|---|---|---|
| Total to be paid for chapter 7 administrative expenses | $ | 2,485.60 |
| Remaining Balance | $ | 13,514.40 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

### NONE

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 17,900.11  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 75.5 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Commonwealthe Edison Company | $ 893.89 | $ 0.00 | $ 674.88 |
| 000002 | Southwest Surgical Associates | $ 52.00 | $ 0.00 | $ 39.26 |
| 000003 | Cavalry Portfolio Services, LLC | $ 288.82 | $ 0.00 | $ 218.06 |
| 000004 | Cavalry Portfolio Services, LLC | $ 4,582.54 | $ 0.00 | $ 3,459.77 |
| 000005 | Silver Cross Hospital | $ 9,032.26 | $ 0.00 | $ 6,819.26 |
| 000006 | VERIZON WIRELESS | $ 895.03 | $ 0.00 | $ 675.74 |
| 000007 | LVNV Funding, LLC its successors and assigns as | $ 333.13 | $ 0.00 | $ 251.51 |
| 000008 | American InfoSource LP as agent for | $ 279.89 | $ 0.00 | $ 211.31 |
| 000009 | American InfoSource LP as agent for | $ 1,542.55 | $ 0.00 | $ 1,164.61 |

Total to be paid to timely general unsecured creditors        $ 13,514.40

Remaining Balance        $ 0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be  0.0  percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/ Bradley J. Waller _____
Trustee

*BRADLEY J. WALLER*
*2045 Aberdeen Court*
*SYCAMORE, IL 60178*

**STATEMENT:**  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.